McCALEB, Justice.
Plaintiff brought this suit to be declared the owner of all oil and gas produced from a certain well-site located on his property, a six-acre tract in the Parish of Iberville which is burdened with a mineral lease in favor of defendants, and, alternatively, to have defendants enjoined from using his. land for the production of the oil, and for damages in the sum of $400,000.
The original defendants to the action were American Republics Corporation, the mineral lessee, and its sub-lessees, Sohio Petroleum Company and Sinclair Oil and Gas Company, the successor of Sinclair Prairie Oil Company. American Republics Corporation was dismissed from the case by the trial court on an exception of no cause of action, which is conceded to be well founded, and, after a trial as to the other defendants on a stipulation of facts, plaintiff’s demands were rejected and his suit dismissed. He has appealed from the adverse decision.
The stipulated facts exhibit that Mrs. Lorena Richard, who is plaintiff’s mother, granted a mineral lease covering a 91-acre tract bordering on the Mississippi River to American Republics Corporation in 1944, which lease was duly recorded. In 1947, Mrs. Richard sold six acres of this tract to plaintiff and, in 1949, American Republics *677 Corporation sublet its mineral lease on the entire tract to Sohio Petroleum Company and Sinclair Prairie Oil Company, retaining a one-eighth overriding royalty. Sohio and Sinclair Oil and Gas Company (Sinclair Prairie’s successor) then entered into a joint operating agreement under which they have been and are presently producing oil in paying quantities.
The 91-acre tract has a narrow front on the Mississippi River and runs back from the levee. Sunshine Oil Field, of which this tract forms a part, was divided by the Commissioner of Conservation into 40-acre drilling units which were confirmed by the lessees through pooling declarations. The Richard tract forms part of several of these units of which J-2, J-3 and J-4 are pertinent here. J-4, from which the oil in question is being produced, is composed of the river bottom and part' of the Richard bat-ture, which part totals 3.78 acres of the unit. Mrs. Richard is receiving her proportionate share of this unit’s production. J-3 is situated behind J-4, running back from the levee, and J-2 is behind J-3. Plaintiff’s six-acre tract is a strip situated partly in J-3 and partly in J-2, fronting on the levee and running back from it. There is production in J-3 and J-2 and plaintiff is receiving his share from these units.
The sub-lessees applied for and were granted a permit to directionally drill a well surfaced on plaintiff’s property on the land site of the levee and bottomholed, near the center of J-4, under the Mississippi River. The well was completed in 1950 and, subsequently, plaintiff provoked a hearing before the Commissioner of Conservation seeking to have the permit revoked. The Commissioner ruled that the well had been drilled in accordance with the permit and, further, that the Department of Conservation had no jurisdiction over the leasing of land and/or mineral rights. He therefore denied plaintiff’s application. This suit followed.
We think the statement of the case manifests that plaintiff is without cause for complaint. The principal contention advanced by his counsel appears to be that defendants had no legal right to use plaintiff’s property as a base of operations for the development of lands which were contained in a separate unit.
The conclusion of illegality drawn by counsel necessarily must ignore the fact that plaintiff’s property forms part of the 91-acre tract which is covered by the oil and gas lease granted by his mother to defendants’ lessor. Plaintiff bought the six acres subject to this recorded lease and has no greater rights than those which would have been available to his mother, the original lessor, had she not sold the tract — for the oil lease was an indivisible contract contemplating that, if the whole of one side was to be fulfilled, likewise the whole of the other side should be fulfilled. Murray v. Barnhart, 117 La. 1023, 42 So. 489; Farrell v. Simms, 209 La. 1072, 26 So.2d 143.[1] Under the mineral lease granted by Mrs. Richard, defendants had the right to drill a well on any portion of the land covered thereby provided, of course, that the mineral development secured from the operation would inure in part, at least, to the lessor’s benefit. And, since 3.78 acres of the land forming part of the lease is within the production unit, Mrs. Richard obviously has no cause for complaint and is not complaining.
In view of this, we experience difficulty in ascertaining the basis for plaintiff’s claim that his legal rights are being violated. In his oral argument and the three briefs, with which he has favored us, counsel makes several other contentions but we find that it would be inutile to consider and dispose of them separately. They are all founded on the false premise that plaintiff’s ownership of the land on which the surface hole of the well is located, necessarily entitles him either to the production or to damages for-asmuch as the operation has been entirely *678 conducted for the benefit of other mineral owners. Actually, in essence, his claim is for a trespass which, of course, does not exist by reason of the rights vested in defendants under the mineral lease.
The judgment is affirmed.

. See also Hunter Co. v. Shell Oil Co., 211 La. 893, 31 So.2d 10; LeBlanc v. Danciger Oil & Refining Co., 218 La. 463, 49 So.2d 855 and Delatte v. Woods, 232 La. 341, 94 So.2d 281.